# Lang, *et al. v.* The State.

## *Rape.*

(Decided June 6, 1911.   Rehearing denied June 30, 1911.
55 South. 1024.)

1. *Evidence; Character; Rebuttal.*—Where the defense offered testimony tending to show that the prosecutrix, prior to the alleged rape, was a prostitute, it was competent for the state to rebut such evidence, whether the original evidence was legal or not.

2. *Appeal and Error; Review; Admission of Evidence.*—Where the bill of exceptions showed that the defendant had introduced evidence as to the conduct and character of the prosecutrix, but failed to disclose what that evidence was, the court cannot on appeal say that the court erred in admitting evidence on the part of the state in rebuttal to that introduced by the defendant. It is essential that the evidence to be rebutted be shown by the record to pass upon the propriety of evidence offered in rebuttal.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Delza Lang and another was convicted of rape and they appeal. Affirmed.

CALLAHAN & HARRIS, for appellants.   Good or bad character for chastity or for veracity must be established only by evidence of general reputation.—*Jackson v. The State,* 41 South. 178; *Jackson v. The State,* 106 Ala. 12; *Jackson v. The State,* 78 Ala. 471; *Holmes v. The State,* 88 Ala. 26; *Moore v. The State,* 36 Ala. 211; *Martin v. Martin,* 25 Ala. 201; 3 Enc. of Ev. 33-40. This rule applies to proof of character of the prosecutrix in cases of rape.—*State v. McDonough,* 73 N. W. 357; *Territory v. Pinto,* 58 Pac. 393.   Rebutting evidence of character should in like manner be by proof of general reputation.—16 Cyc. 1276.   The questions and answers permitted to the state all contravened this rule.—*Steele v. State,* 93 Ala. 20; 3 Enc. of Ev. 36-42.

[Lang, et al. v. The State.]

ROBERT C. BRICKELL, Attorney General, and W. L.
MARTIN, Assistant Attorney General, for the State.
Having permitted the defendant to attack the character
of the prosecutrix, the state was entitled to rebut this
evidence, whether the original evidence was legal or
not.—*Ford v. The State,* 71 Ala. 398; *Gandy v. The
State,* 86 Ala. 20; *Gordon v. The State,* 129 Ala. 113;
*Longmire v. The State,* 130 Ala. 66.

WALKER, P. J.—The defendants introduced evi-
dence showing that Rosa McCuiston, the alleged victim
of the rape charged against them, while she lived at
Perryville, Tenn., prior to the date of the alleged rape,
had in that community a bad reputation for chastity,
and also that while she lived at that place her occupa-
tion was that of a common prostitute. When the evi-
dence for the defendants was concluded, the state ex-
amined the woman as a witness in rebuttal, and in the
course of her examination asked her the question, "Were
you, while at Perryville, Tenn., a common prostitute?"
The defendant objected to this question "because ille-
gal and immaterial, and because the same did not tend
to show the reputation of the witness while at Perry-
ville, Tenn." It is insisted by the counsel for the appel-
lants that the trial court erred in overruling this objec-
tion, and in overruling the motion of the defendants to
exclude the answer of the witness to the question. The
evidence called for and elicited by the question was
clearly in rebuttal of the evidence introduced by the de-
fendants tending to show that the woman while she was
at Perryville, was in fact a prostitute. If the defendants,
in the proof offered touching the life of the woman
while she was at Perryville, had confined themselves to
the question of her general reputation for chastity or
unchastity, the prosecution, in undertaking to rebut the

proof on that subject, might have been limited to proof of the woman's general reputation for chastity in that community; but, as they introduced evidence tending to show that she in fact lived the life of a prostitute while she was at Perryville, it was permissible for the state to rebut that evidence, regardless of its relevancy or competency, under the rule of allowing evidence admitted at the instance of one party, whether legal or not, to be rebutted by evidence of the same nature and character offered by the other party.—*Gordon v. State,* 129 Ala. 113, 30 South. 30; *Longmire v. State,* 130 Ala. 66, 30 South. 143; *Gandy v. State,* 86 Ala. 20, 5 South. 420.

In the course of her examination as a witness in rebuttal, Rosa McCuiston testified that since she had returned from Perryville, Tenn., within the past 12 months, she had lived with a Mr. Brown, a Mr. Thomas, and Lonnie Lang. The counsel for the state asked the witness the following question, "While you lived with Lonnie Lang, did he ever make any objection to your conduct?" The defendants objected to this question "because immaterial and illegal, and because such evidence did not tend to prove or disprove the good character of the witness in that community." The court overruled this objection, and overruled a motion of the defendants to exclude the answer of the witness to the question. In that connection the bill of exceptions contains the following: "The court stating that defendant had, on examination of Mrs. Lonnie Lang, asked of the misconduct of Rosa in her neighborhood and house." Similar questions were asked the witness as to Mr. Brown and Mr. Thomas making any objection to her conduct while she lived with each of them, respectively; and similar objections were interposed by the defendants in reference to the admission of that evidence. The

bill of exceptions contains the following statement in reference to testimony of Laura Bell Lang, the wife of Lonnie Lang, who was examined as a witness for the defendants: "The defendant asked the witness regarding Rosa's conduct in her neighborhood and in her house, and the witness detailed certain instances of Rosa's misconduct." The bill of exceptions does not otherwise indicate what were the details mentioned by the witness in her statement of "instances of Rosa's misconduct." The defendants having introduced evidence as to "instances of Rosa's misconduct," clearly it was permissible for the prosecution to rebut that evidence, and it was not a valid ground of objection to such rebutting evidence that it did not relate to the character or reputation of the witness, but to her acts or conduct. And, as it plainly appears from the recitals of the bill of exceptions that defendants had introduced evidence in regard to acts or conduct of the witness, but the bill of exceptions failing to disclose what that evidence was, this court is not in a position to declare that the trial court was in error in admitting, over the objection of the defendants, the evidence in rebuttal offered by the prosecution.

To enable an appellate court intelligently to review the action of a trial court in admitting evidence offered in rebuttal, the record on appeal should disclose what the evidence was which was sought to be rebutted. A record does not show that the trial court was in error in admitting rebutting evidence, when it shows that evidence had been introduced which was subject to be rebutted, but does not disclose what that evidence was. The record in the case at bar, so far as it relates to the evidence introduced by the defendants in reference to the acts or conduct of Rosa McCuiston, showing merely that a witness for the defendants "detailed certain

instances of Rosa's misconduct," without indicating what was said in the course of that detailed statement, the presumption might be indulged, to support the rulings of the trial court in admitting the evidence offered in rebuttal, that mention was made in the statement of instances of misconduct on the part of Rosa McCuiston in the presence of Mr. Brown, Mr. Thomas, and Lonnie Lang, to which each of those persons made some objection. At any rate, this court would not be justified in deciding that the trial court was in error in admitting certain evidence offered in rebuttal by the prosecution, when the record shows that the defendants had introduced evidence which the state had a right to rebut, but fails to show what that evidence was. On appeal, error is not imputed to the trial court, unless the record shows that it committed error. The record here does not show that the evidence called for and elicited by the questions to the witness Rosa McCuiston, in reference to whether or not Lonnie Lang, Mr. Brown, or Mr. Thomas made objection to her conduct, was not admissible as tending to rebut evidence introduced by the defendants in reference to instances of misconduct on the part of Rosa McCuiston.

It is not claimed in the argument of the counsel for the appellants that there was error in any other ruling of the trial court. No error is discovered in the record.

Affirmed.