# Cauley *v.* The State.

## Larceny.

(Decided June 6, 1916.   72 South. 271.)

1. **Larceny; Evidence; Inculpatory Statement.**—An inculpatory statement made by defendant voluntarily in reference to the crime charged, was admissible in evidence.

2. **Evidence; Inculpatory Statement; Predicate.**—Unless the record affirmatively shows that the court did not ascertain that inculpatory statements were voluntarily made before permitting such statements to be shown, the appellate court will indulge the presumption that a proper predicate was laid for their admission.

3. **Larceny; Evidence.**—Where the state's theory was that a cow butchered by defendant was the animal stolen, and defendant offered evidence that the owner of the cow offered to sell it for beef, and that defendant refused to purchase because the cow was not in condition, it was competent in rebuttal for the state to show that she was in condition for beef.

4. **Same.**—Under the evidence in this case the guilt vel non of defendant was a question for the jury, and the court properly refused to direct a verdict.

5. **Indictment and Information; Surplusage.**—Where the statute makes the stealing of a cow grand larceny, regardless of her value, the allegation in the indictment that the cow was of the value of $35, not being descriptive of the offense, will be regarded as surplusage, and proof thereof is not necessary, as it was unnecessary to allege or prove her value.

[Cauley v. The State.]

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Demus Cauley was convicted of the larceny of a cow, and he appeals. Affirmed.

Witness Lee testified that he lost a light red cow with horns, unmarked, from his barn in Houston county, on a certain Tuesday night, and, on the Saturday following, found a hide at Clendenning's house which came off of his cow. The state then asked him if Demus Cauley said anything to him about taking the cow, and the witness answered: "Yes, sir; he offered to buy her." And the state then asked him if Cauley said anything to him about getting the cow after the cow was lost. Objection was interposed and overruled to this question, and the witness testified that defendant asked him if he did not lose a cow, and, being answered in the affirmative, defendant said that he would look the cow up and get her, and asked if the cow was marked, which was answered in the negative, and then defendant came to witness and told him he had found the cow, but said the cow he found was marked. He also told him that he would compromise with witness if witness would save him, that he would pay $17 and stop it, or he would let witness have the cow and give him a yearling if he would go ahead and stop it. Witness replied that he did not know anything about the law, and did not think he could stop it.

E. S. THIGPEN, for appellant. WILLIAM L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

BROWN, J.— (1, 2) It is here urged that the court erroneously admitted the inculpatory statement imputed to the defendant by the witness Lee in response to the solicitor's question, "After you lost the cow, did he say anything about getting the cow?"

"Inculpatory confessions, voluntarily made, are admissible as evidence tending to show guilt; and while such confessions are prima facie involuntary, and therefore inadmissible, it is the duty of the trial court, in all cases, before permitting such confessions to be shown, to ascertain that they are voluntary; and on appeal, unless the record affirmatively shows that this duty was not performed by the court, the presumption will be indulged that a proper predicate was laid for the admission of the evi-

dence."—*Fortner v. State,* 12 Ala. App. 180, 67 South. 720; *Whatley v. State,* 144 Ala. 75, 39 South. 1014; *Price v. State,* 117 Ala. 113, 23 South. 691; *Gilmore v. State,* 126 Ala. 20, 28 South. 595.

The record does not affirmatively show error in the admission of this testimony.

(3) The evidence shows that about the time Lee's cow disappeared the defendant butchered a cow which he claimed to have purchased from Dr. Hammond; that this cow was in condition for beef and weighed 80 to 90 pounds to the quarter. The defendant also offered evidence that Lee offered to sell his cow to the defendant for beef, and that defendant refused to purchase because the cow was not in condition for beef. The state's theory is that the cow butchered by the defendant was Lee's cow, and evidence tending to show that she was in condition for beef was in rebuttal of the defendant's evidence, and was properly admitted.—*Lang v. State,* 1 Ala. App. 128, 55 South. 1024.

(4) The question of the defendant's guilt or innocence, under the evidence, was for the jury, and the court properly refused the affirmative charge.—*Finney v. State,* 10 Ala. App. 39, 65 South. 93; *Turner v. State,* 97 Ala. 57, 12 South. 54; *Hargrove v. State,* 147 Ala. 97, 41 South. 972, 119 Am. St. Rep. 60, 10 Ann. Cas. 1126.

(5) The statute makes the stealing of a cow, regardless of the value of the cow, grand larceny (Code 1907, § 7324), and in such case it is not necessary to allege or prove value (*Parker v. State,* 111 Ala. 72, 20 South. 641). Therefore the allegation "of the value of thirty-five dollars," not being descriptive of the offense, was properly regarded as surplusage, and proof thereof was not necessary.—*Newsom v. State,* 107 Ala. 137, 18 South. 206; *McGehee v. State,* 52 Ala. 229; *State v. Stedman,* 7 Port. 495.

We find no error in the record, and the judgment is affirmed.

Affirmed.