(85 South. 847)

### SALTER v. STATE. (3 Div. 373.)

(Court of Appeals of Alabama. June 8, 1920. Rehearing Denied June 22, 1920.)

1. INTOXICATING LIQUORS ☞233(2) — THAT DEFENDANT'S FATHER-IN-LAW HAD A STILL HELD ADMISSIBLE.

In a prosecution for violating the prohibition law, it having been shown defendant had in his possession beer from which whisky is usually made, evidence that defendant's father-in-law, who lived only 150 feet away, had a still and beer similar to that found in defendant's possession, as well as that there was a path leading between the places, was competent to connect defendant with the manufacture of prohibited liquors.

2. CRIMINAL LAW ☞1206(4)—PROVISION OF CODE GIVING JUDGE DISCRETION AS TO SENTENCE DOES NOT EXTEND TO OFFENSES THEREAFTER CREATED BY STATUTE.

Code 1907, § 7620, providing that, in all convictions for felonies in which imprisonment or hard labor is for more than one year and not more than two, the judge, in passing the sentence, is invested with the discretion to sentence the party to the penitentiary or county jail, etc., modifies every other section of the Code to which it relates, but it does not extend to statutes creating felonies and establishing punishments enacted since the passage of the Code, and, in case of repugnancy between it and such later statutes, the later govern.

3. CRIMINAL LAW ☞1208(9) — INDETERMINATE SENTENCE LAW APPLIES TO SENTENCE FOR VIOLATING PROHIBITION LAW.

In a prosecution under Act Jan. 25, 1919 (Acts 1919, p. 16) § 15, making the manufacture or distillation of whisky a felony and fixing the punishment at imprisonment in the penitentiary for not less than one or more than five years, the sentence should conform to Indeterminate Sentence Act, § 2, providing that, in all cases in which the punishment is imprisonment in the penitentiary and a minimum and maximum term is prescribed, the court shall pronounce an indeterminate sentence, etc.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

C. D. Salter was convicted of violating the prohibition law, and he appeals. Affirmed as to the conviction, but reversed and remanded for proper sentence.

Mark D. Brainard, of Montgomery, for appellant.

No brief reached the Reporter.

J. Q. Smith, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The defendant was indicted and convicted of violating the prohibition law, and from the judgment he appeals.

[1] It having been shown that the defendant had in his possession beer, from which whisky is usually made, besides bottles and jugs that had recently contained whisky, it was perfectly competent to prove that the defendant's father, who lived about 150 feet from defendant had a still and 20 or 25 gallons of the same kind of beer as was found in defendant's house, and that there was a "big path" leading from the defendant's to the father's house, as tending to connect the defendant with the manufacture of prohibited liquors. That the father, too, was guilty, in no wise tended to excuse the defendant. The rulings of the court on the evidence were in line with the foregoing and were without error.

[2, 3] We find no error in the record affecting the judgment of conviction, which is affirmed, but under the statute (Acts 1919, p. 148) the sentence is error. Under Code 1907, § 7620, in all convictions for felonies, in which the imprisonment or hard labor is for more than one year and not more than two years, the judge in passing the sentence is invested with the discretion to sentence the party to imprisonment in the penitentiary or confinement in the county jail, or to hard labor for the county. This section of the Code modifies, becomes a part of, and must be read in connection with every other section of the Code to which it relates. Ex parte Thomas, 113 Ala. 1, 21 South. 369. Section 2 of an act providing for an indeterminate sentence (Acts 1919, p. 148, § 2) provides that—

"In all cases in which the punishment fixed by the statute is imprisonment in the penitentiary, and in which a maximum and a minimum term is prescribed, the court shall pronounce upon the defendant an indeterminate sentence of imprisonment in the penitentiary for a term not less than the minimum and not greater than the maximum fixed by the statute for such offense."

If, therefore, section 7620 of the Code must be read into and become a part of those sections where the term of imprisonment is within the discretion of the judge trying the case, and the judge, exercising his discretion,

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fixed the term at not more than two years, that would be "the punishment fixed by statute," and if the judge trying the case, in the exercise of his discretion, fixed the punishment at hard labor for the county, that would be the punishment "fixed by the statute," within the meaning of section 2 of the Indeterminate Sentence Act, supra. Not so, however, with statutes creating felonies and fixing punishments enacted since the adoption of the Code of 1907. They, being more recent than the Code of 1907, if repugnant thereto, are not governed by section 7620 of the Code. Bibb v. State, 83 Ala. 84-92, 3 South. 711. Section 15 of an act of the Legislature approved January 25, 1919 (Acts 1919, p. 16), makes the manufacture or distillation of whisky a felony, and fixes the punishment at imprisonment in the penitentiary for a minimum term of one year and a maximum of five years, to be fixed by the judge trying the case. The act providing for indeterminate sentences, supra, applies to this class of cases, and the sentence must be in accord with the two acts supra.

The judgment is remanded, therefore, for proper sentence. Affirmed as to judgment of conviction, and remanded for proper sentence.

Affirmed and remanded.