(89 South. 845)

**BROWN v. STATE.  (6 Div. 865.)**

(Court of Appeals of Alabama.  May 17, 1921.)

Criminal law ⊕═1208(9)—Indeterminate sentence held unauthorized in prosecution for violation of prohibition law.

In prosecution for violation of prohibition law under Loc. Acts 1919, pp. 121, 124, the court was not authorized to impose an indeterminate sentence, since such sentence can be imposed only on conviction of a defendant for a felony punishable by imprisonment in the penitentiary, under Acts 1919, p. 148.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwynn, Judge.

Claude Brown was convicted of violating the prohibition law, and he appeals.  Affirmed as to conviction, but reversed and remanded for proper sentence.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J.  This defendant was convicted of violating the prohibition law.  The prosecution originated by affidavit of one W. C. Steele, made before the judge of the inferior court of Bessemer, and returnable to the circuit court of Jefferson county, as provided by Local Acts 1919, pp. 121, 124.

In the circuit court the trial was had by jury, who returned a verdict of guilty as charged and assessed a fine of $50 against him.  Failing to pay the fine and cost, the court sentenced him to perform hard labor for the county as provided by law, and also imposed upon him an indeterminate sentence of hard labor for the county of from 60 to 90 days in addition to the sentence for the fine and cost.

This appeal is on the record without a bill of exceptions, and, as the record is free from error, so far as the conviction is concerned, the judgment of conviction based upon the verdict of the jury is affirmed.

That part of the judgment of the court imposing an indeterminate sentence of from 60 to 90 days as additional punishment is void it being without authority of law.  The only provision of the statute authorizing an indeterminate sentence in this state is acts 1919, p. 148, and, as will be seen, applies only in cases where in the trial of any felony for which the court is authorized to fix the punishment, and the punishment fixed by the statute is imprisonment in the penitentiary, the court shall pronounce upon the defendant an indeterminate sentence of imprisonment in the penitentiary, etc.  This court is unable to see wherein the trial judge found authority for the indeterminate sentence imposed.  It follows an affirmance must be ordered as to the judgment of conviction of this appellant, but the cause will necessarily have to be remanded in order that the sentence imposed shall be in conformity to law.

Affirmed in part, reversed, and remanded for proper sentence.