(89 South. 853)

### ABRAHAMS v. STATE.  (2 Div. 236.)

(Court of Appeals of Alabama. June 30, 1921. Rehearing Denied July 19, 1921.)

1. **Intoxicating liquors** $\Longleftrightarrow$**216—Indictment for making liquor held good.**

An indictment, charging that defendant made alcoholic liquors or beverages since January 25, 1919, was not insufficient on the ground that it did not charge that any part of the liquors contained alcohol; and if such allegation had been necessary it was sufficiently charged by the use of the word "alcoholic."

2. **Criminal law** $\Longleftrightarrow$**970(6)—Indictment and information** $\Longleftrightarrow$**147—Alternative averments demurrable, but not available, on motion in arrest.**

An indictment which contains alternative averments, one of which is legally insufficient, is demurrable, but after a general verdict of guilty the defect is not available, even on motion in arrest of judgment.

3. **Indictment and information** $\Longleftrightarrow$**91(1)—Need not aver felonious or unlawful nature of act.**

Under Code 1907, §§ 7132, 7134, 7136, it was not necessary that an indictment for violating the prohibition laws should state that the act charged was contrary to law or was feloniously done.

4. **Criminal law** $\Longleftrightarrow$**1208(9)—Intoxicating liquors** $\Longleftrightarrow$**242—Sentence for violating prohibition law should be for an indeterminate term in the penitentiary, and not to hard labor for the county.**

Under Acts 1919, p. 16, § 15, making it a felony to manufacture liquors punishable by confinement at hard labor in the penitentiary for not less than one nor longer than five years, sentence to perform hard labor for the county for a term of 12 months was improper, and defendant should have been sentenced to the penitentiary for an indeterminate term.

Appeal from Circuit Court, Sumter County; R. I. Jones, Judge.

---

John Abrahams was convicted of manufacturing prohibited liquors, and he appeals. The judgment is affirmed, and the cause remanded for proper sentence.

The indictment is as follows:

Before the finding of this indictment John Abrahams distilled, made, or manufactured alcoholic, spirituous, malted, or mixed liquors or beverages, since the 25th day of January, 1919, against the peace and dignity, etc.

Thomas Seale, of Livingston, for appellant.

The indictment will not support a conviction. 17 Ala. App. 464, 86 South. 172; 17 Ala. App. 486, 86 South. 174. Section 12, Code 1907, says expressly that the common-law requirements are not repealed, and therefore sections 7132–7134, and 7136, Code 1907, does not dispense with the requirement that it must be alleged to have been feloniously done. 10 Enc. P. & P. 492; 60 Miss. 261; 6 Ala. 664; 18 Ala. 122; 3 Stew. 123, 20 Am. Dec. 66; Acts 1919, p. 16.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J.  The appellant was convicted under an indictment which charges that he distilled, made, or manufactured alcoholic, spirituous, malted or mixed liquors or beverages since the 25th day of January, 1919.  No demurrer of any character appears to have been interposed to the indictment; the judgment reciting that upon arraignment the defendant entered a plea of not guilty.

[1] Insistence is here made for the first time that the indictment does not charge any offense, for that it is not charged that any part of the liquors or beverages contained alcohol. This contention has been decided adversely to the appellant in the case of Taylor v. State, 17 Ala. App. 579, 88 South. 205, where the sufficiency of the indictment was questioned by demurrer.  In addition to what was said in the Taylor Case, supra, it may be stated of the instant case that the allegation "alcoholic" in the indictment certainly is a sufficient statement that a part, at least, of the liquors charged to have been manufactured contained alcohol.

[2] An indictment which contains alternative averments, one of which is legally insufficient, is demurrable on that account; but after a general verdict of guilty the defect is not available, even on motion in arrest of judgment. Hornsby v. State, 94 Ala. 55, 10 South. 522.

[3] Contention is further made that the indictment is defective in that it does not contain the allegation that the offense was contrary to law.  Cases cited in support of such contention were construing section 4037

of the Code of 1886, which prescribes that the form of indictment for violating the prohibition laws should contain such a statement, but such is not the case now; section 7134 of the Code of 1907 making it unnecessary that the indictment should contain such a statement.  Neither was it necessary that the indictment should allege that the act complained of was feloniously done.  Sections 7132, 7134 and 7136, Code 1907.

[4] The judgment entry recites the verdict of the jury to be that the defendant is found guilty as charged in the indictment.  Under the act of 1919 (section 15, page 16) it is made a felony to manufacture the liquors or beverages therein enumerated, and upon conviction thereof one shall be punished by confinement at hard labor in the penitentiary for not less than one year or longer than five years.  In the instant case the defendant upon conviction was sentenced to perform hard labor for the county of Sumter for a term of 12 months.  This was an improper sentence, and the defendant should have been sentenced to the penitentiary for an indeterminate term as provided for by said act. Salter v. State, 17 Ala. App. 517, 85 South. 847.

The judgment of conviction is therefore affirmed, but the cause is remanded for proper sentence.

Affirmed and remanded for proper sentence.