(101 So. 69)

### FARLEY v. STATE. (6 Div. 336.)

(Court of Appeals of Alabama. June 24, 1924.)

**1. Intoxicating liquors ☞242—Sentence of 15 months' hard work for county for possession of still unauthorized.**

Under Gen. Acts 1919, p. 1086, § 3, unlawful possession of still is a felony, and under that act and Gen. Acts 1919, p. 148, sentence should be for indeterminate term in the penitentiary, and a sentence to hard labor for the county, for 15 months, was unauthorized.

**2. Criminal law ☞1208(9) —· Indeterminate sentence law is inapplicable to sentences to hard labor for county.**

Gen. Acts 1919, p. 148, requiring indeterminate sentence where maximum and minimum penalties are prescribed, does not apply in cases where sentence to hard labor for the county is provided, and such sentence imposed.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Oscar Farley was convicted of violating the prohibition law, and appeals. Affirmed; remanded for sentence.

Palmer H. Bell, of Birmingham, for appellant.

No brief on original hearing reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. This defendant was convicted under the second count of an indictment which charged him with the offense of unlawfully having in his possession a still; the count in question being framed under the terms of an act of the Legislature approved September 30, 1919. Acts 1919, p. 1086. From the judgment of conviction he appealed to this court. The appeal is upon the record proper; there being no bill of exceptions. We have examined this record and find no error so far as the judgment of conviction is concerned, and to that extent the judgment appealed from is hereby affirmed.

[1] The lower court in this case passed sentence upon the defendant and sentenced him to hard labor for the county for fifteen months, and an additional term of 86 days to pay the costs. Such a sentence is without authority of law. In the first place the only punishment prescribed for a commission of this offense is expressly fixed by statute (Acts 1919, p. 1086, § 3) by confinement at hard labor in the penitentiary for not less than one year or longer than five years, to be fixed within these limits by the court or judge trying the case. Under the act approved February 18, 1919 (Acts 1919, p. 148), it is provided that in all cases in which the punishment fixed by the statute is imprisonment in the penitentiary, and in a maximum and a minimum term is prescribed, the court shall pronounce upon the defendant an indeterminate sentence of imprisonment in the penitentiary for a term not less than' the minimum and not greater than the maximum fixed by the statute for such offense, and must state in such sentence the minimum and maximum limits thereof. Rogers v. State, 17 Ala. App. 175, 83 South. 359.

[2] The offense for which this appellant was convicted (unlawfully possessing a still * * * to be used for the purpose of manufacturing prohibited.liquors) is a felony under the statute (Acts 1919, p. 1086), so also is the offense of distilling, making, or manufacturing prohibited liquors (Acts 1919, p. 16, § 15), and the only penalty provided for each of these offenses is imprisonment at hard labor in the penitentiary for not less than one nor more than five years. Upon conviction for either of these two offenses the court or judge trying the case must, in passing sentence be governed by the provisions of the indeterminate sentence statute, Acts 1919, p. 148. It follows, therefore, that a person convicted of either of these offenses cannot be sentenced to hard labor for the county, as was done in this case, but must be sentenced for an indeterminate term of imprisonment in the penitentiary. The indeterminate sentence law does not apply in cases where a sentence to hard labor for the county is provided and such sentence is imposed. Brown v. State, 18 Ala. App. 154, 89 South. 845; Salter v. State, 17 Ala. App. 517, 85 South. 847; Abrahams v. State, 18 Ala. App. 252, 89 South. 853.

An order is here entered affirming the judgment of conviction, but from what has been said, the sentence imposed will be reversed, set aside, and annulled, and the cause remanded for proper sentence in conformity to law.

Affirmed, and remanded for proper sentence.