(104 So. 554)

### CONNER v. STATE. (6 Div. 591.)

(Court of Appeals of Alabama. April 14, 1925. Rehearing Denied May 19, 1925.)

1. **Indictment and information ⬤⟿19—Indictment in statutory form, for possessing still, sufficient.**

Under Code 1907, § 7132, indictment in form prescribed by section 7161, for possessing still, is sufficient.

2. **Courts ⬤⟿42(3)—Local act, creating division of circuit court, held not unconstitutional.**

Local Acts 1919, p. 62, creating Bessemer division of circuit court of Jefferson county, is not unconstitutional.

3. **Criminal law ⬤⟿1186(4)—No reversal for error in rulings not affecting result of trial.**

Under Supreme Court rule 45 (Code 1923, vol. 4, p. 895), reversal will not be ordered for error in rulings not affecting result of trial.

4. **Criminal law ⬤⟿1188—Intoxicating liquors ⬤⟿242—Statutes·fixing sentence for possessing still mandatory and controlling, and cause remanded for resentence of statute disregarded.**

Acts 1919, pp. 148, 1086, are mandatory and controlling as to sentence imposed for possessing still before Code 1923 went into effect, and, where sentence is not in accord therewith, cause must be remanded for proper sentence.

Appeal from Circuit Court, Bessemer Division, Jefferson County; J. C. B. Gwin, Judge.

F. H. Conner was convicted of possessing a still, and he appeals. Affirmed and remanded for proper sentence.

Count 2 of the indictment is as follows:

"(2) The grand jury of said county further charges that before the finding of this indictment F. H. Conner, whose name to the grand jury is otherwise unknown, did have in his possession a still, apparatus, or a device or substi-

tute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, against the peace and dignity of the state of Alabama."

Defendant moved to quash the indictment upon the ground, among others, that the act creating the Bessemer division of the circuit court of Jefferson county is unconstitutional and void.

The sentence pronounced in this case is as follows:

"And on this the 11th day of June, 1924, the said defendant, being now in open court, and being asked by the court if he had anything to say why the judgment of the court and the sentence of the law should not now be pronounced upon him, says nothing. It is therefore considered by the court, and it is the judgment of the court, that the defendant is guilty as charged in the indictment, and it is the sentence of the law that the said defendant, the said F. H. Conner, perform hard labor for the county for 18 months."

Benton & Bentley, of Bessemer, for appellant.

The sentence imposed is not authorized by law. Code 1923, § 4656; Farley v. State, 20 Ala. App. 105, 101 So. 69. Defendant's motion to quash the indictment should have been granted.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The indictment is not subject to demurrer. The sentence should have been to imprisonment in the penitentiary.

RICE, J. The defendant was convicted of the offense of having in his possession a still, etc., and he appeals.

[1, 2] There was no error in overruling appellant's motion to quash, or his demurrers to, the indictment. Code 1907, §§ 7132 and 7161; Local Acts 1919, p. 62; Hardeman v. State, 19 Ala. App. 563, 99 So. 53.

[3] The ingenuity and industry displayed by appellant's counsel command our admiration. But, in the view we take of the case, their efforts are unavailing. Almost innumerable exceptions were reserved to rulings of the trial court by the defendant, all of which have been critically examined by us. In some of the rulings there was, no doubt, error. A detailed discussion of the evidence or a seriatim treatment of the large number of exceptions apparent in the record could serve no useful purpose. Suffice to say that in our opinion, from an examination of the entire cause, the result of the trial would not have been different, had any or all of the rulings complained of in which there was error been changed to meet the contentions of defendant's counsel. And under rule 45 of the Supreme Court (Code 1923, vol. 4, p. 895), by which we are con-

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

trolled, a reversal of the case will not be ordered.

We find no prejudicial error in the record affecting the judgment of conviction, and the same is here affirmed.

[4] The defendant having been convicted of the offense of having in his possession a still, etc., he should, under the express provision of the statute approved September 30, 1919 (Acts 1919, p. 1086), have been sentenced to a term in the penitentiary of not less than one year, nor more than five years, the sentence to be in conformity to the terms of the act approved February 18, 1919 (Acts 1919, p. 148). The trial, conviction, judgment, and sentence all taking place before the going into effect of the Code 1923, there can be no doubt that the provisions of the above two mentioned acts are mandatory, controlling, and must be complied with. Salter v. State, 17 Ala. App. 517, 85 So. 847; Abrahams v. State, 18 Ala. App. 252, 89 So. 853.

The sentence imposed not being in accordance with what is said above, the cause is remanded for proper sentence.

Affirmed and remanded for proper sentence.