(113 So. 466)

### SIMMONS v. STATE. (2 Div. 379.)

Court of Appeals of Alabama. June 21, 1927.

Thos. F. Seale, of Livingston, for appellant.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

BRICKEN, P. J. Under the existing statute, the sentence imposed upon this appellant, defendant below, was without authority of law and erroneous. The charge by indictment was murder in the first degree, but the trial of defendant resulted in his conviction of manslaughter in the first degree, and the jury, by its verdict, fixed his punishment at "imprisonment in the penitentiary of the state of Alabama for the term of one year"; whereupon the court, in accordance with this verdict, "ordered and adjudged that the defendant, Nathan Simmons, be confined in the penitentiary of the state of Alabama, for a term of one year," etc.

■■ The controlling statute (section 5265, of the Code of 1923) expressly provides, in all cases in which the period of imprisonment is more than two years, the judge must sentence the party to imprisonment in the penitentiary; and in all cases of conviction for felonies, in which the term of imprisonment is for *more* than twelve months, and not more than two years, the judge at his discretion may sentence him to either imprisonment in the penitentiary or confinement in the county jail or to hard labor for the county; but in all cases where, as here, the term of imprisonment is twelve months or less, the party *must* be sentenced, either to imprisonment in the county jail, or to hard labor for the county. In other words, there is no authority of law for a judge to sentence a prisoner to the penitentiary where the term of his punishment has been fixed at one year or less. In the instant case the judge should have regarded as surplusage that portion of the verdict wherein the jury attempted to fix the place of confinement, and the prisoner should have been sentenced in accordance with the terms of the statute, supra; that is, either to imprisonment in the county jail, or to hard labor for the county. This error, however, relates to the sentence only and does not in any manner affect the judgment of conviction. The decisions holding to the contrary have been modified or overruled. Robinson v. State, 6 Ala. App. 13, 60 So. 558; Ex parte Robinson, 183 Ala. 30, 63 So. 177.

■■ Pretermitting, however, the question of the sentence imposed, we are of the opinion that, from the undisputed evidence in this case, which we have carefully studied and considered, it would be unconscionable to permit a judgment of conviction for any offense to stand against this appellant. It is true that the evidence shows deceased met his death by having been shot with a pistol by this defendant. The evidence which shows the killing also shows without dispute from its every phase that the accused was justified under the law in taking the life of the deceased. Every element of self-defense was clearly made out by the evidence for the state and also by that of the defendant and his witnesses. Without dispute, it appears from the evidence that Bob Tarvin, the deceased, was a dangerous bloodthirsty man, and the evidence upon the question of his character to this effect is without conflict. Under the evidence he was a trespasser at the home of Drummond, where the killing occurred. The defendant was an invited and welcome guest in said home, and from all the evidence was a man of good character. There is no semblance of testimony showing or tending to show that the defendant provoked, brought on, or contributed to the circumstances which resulted in the fatal difficulty. All the evidence shows without conflict that the deceased without provocation brought on the difficulty, and made a murderous attack upon the defendant with a large and dangerous knife; and, while the defendant was, under the law upon the facts shown, under no duty to retreat, yet he did so retreat until he was cornered by the deceased, where further retreat was not possible; and that he was in great and impending danger of losing his life or suffering grievous bodily harm at the hands of deceased cannot, under this evidence, be doubted or questioned.

Under the law, from all the facts adduced upon this trial, it clearly appears that the accused was fully warranted and justified in taking the life of the deceased in the manner disclosed in order to save his own life. As stated, he was entirely free from all fault in provoking or bringing on the difficulty; he was in great danger of losing his life or suffering grievous bodily harm at the hands of

the deceased, who in close proximity was viciously attacking him with a large and dangerous knife and with profanity and vicious utterances was making known his purpose to kill the accused. No mode of escape was open or possible to defendant at the time the shots were fired, even had he been under the duty to retreat, which duty did not rest upon him on that occasion, as he was an invited and welcome guest in the home of Drummond, and was therefore entitled to its protection as would have been the owner of the home under similar circumstances. All the above facts are shown by the undisputed evidence in this case, therefore the court should have directed the verdict in favor of the defendant which was specially requested in writing. The refusal of such charge was error, and this holding renders unnecessary further discussion upon the points of decision presented for our consideration.

Reversed and remanded.