(119 So. 245)
### LOCKETT v. STATE. (2 Div. 399.)

Court of Appeals of Alabama. June 30, 1928.

Rehearing Granted Nov. 13, 1928. Rehearing Stricken Dec. 18, 1928.

Foster, Rice & Foster, of Tuscaloosa, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

PER CURIAM. After reading the evidence and considering this record en banc, the court is of the opinion that the evidence of the state and the inferences to be drawn therefrom are not sufficient to overcome the presumptions of innocence, and that this conviction should not be allowed to stand.

There is no authority of law to sentence a defendant to an indeterminate sentence at hard labor for the county. When the punishment is indeterminate, the sentence must be to the penitentiary. Code 1923, § 5268.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

On Rehearing.

Original opinion withdrawn. Opinion substituted. Rehearing granted, judgment reversed, and the cause is remanded.

(119 So. 247)
### DUNSTON et al. v. TOMLIN. (7 Div. 373.)

Court of Appeals of Alabama. Dec. 18, 1928.

Alto V. Lee, of Gadsden, for appellants.

E. G. Pilcher, of Gadsden, for appellee.

Brief did not reach the Reporter.

BRICKEN, P. J. The appellants brought their suit in the court below against the appellee to recover of said appellee, hereinafter called the defendant, the sum of $100 due by damages to automobile. This complaint, which was afterwards amended, was in the name of the same plaintiffs against the same defendant, and sought to recover the sum of $100 against the defendant for that while the parties were traveling along a public highway between Gadsden and Jacksonville, the defendant negligently drove his car upon, against, or over plaintiffs' automobile, damaging the same in the manner testified in the complaint.

Issue was joined between the plaintiffs and the defendant on said complaint and the plea of the general issue filed by the defendant, or interposed to the complaint by the defendant, and after hearing the evidence in behalf of the plaintiffs, and also the evidence offered in behalf of the defendant, the court, trying the case without the intervention of the jury, found the issue in favor of the defendant. Judgment was accordingly entered for the defendant, on the 8th day of June, 1927.

On the 14th day of June, 1927, the plaintiffs filed their motion for a new trial upon four grounds: (1) The judgment of the court was contrary to the great weight of the evidence. (2) The judgment of the court was contrary to the credible evidence. (3) The judgment of the court was contrary to the overwhelming weight of the proof and evidence in the case. (4) The judgment of the court was contrary to the law of the case.

On the 25th day of June, 1927, said motion for a new trial was overruled and denied by the trial judge, and the appeal is prosecuted to this court both on the judgment in favor of the defendant and on the judgment denying the motion for a new trial.

The car of plaintiffs was traveling in the direction of Jacksonville. The car of the defendant was traveling in the direction of Gadsden. If each car occupied its proper position on the road, they would have been on opposite sides of the road, and the testimony showing that the road was from 18 to 30 feet wide, there could have been no collision. The plaintiffs, two in number, and their next friend and three other witnesses, testified in behalf of the plaintiffs, and their evidence tended to show that plaintiffs were on the right-hand side of the road traveling towards Jacksonville, and that the defendant was on the same side of the road traveling towards Gadsden, which would have placed the defendant on the wrong side of the road.

The defendant, however, testified that he was on the right-hand side of the road traveling toward Gadsden, and this would have placed him on the correct side of the road.

One plain and pertinent fact in this case, which seems to have been undisputed, was that the left-hand side of each car was injured, and that the left-hand running board of each car was wrecked.

There was evidence offered by the plaintiffs tending to show that their car on the right-hand side before the collision had run for some 15 or 20 yards in a shallow ditch on the right-hand side of the road; but it is also undisputed, it appears, that the rear wheels of the defendant's car were up against a bank opposite the plaintiffs' car. The defendant, on his direct examination, testified as follows: "I practically lost my eyesight. These boys promised me that night—they didn't want to have any trouble, they knew I was hurt, and they promised to make it good. One of them claimed he was connected with some of the officers at Jacksonville, perhaps the Mayor, and led me to believe it would all be well." This statement was unchallenged by the plaintiffs. If the statement was not true, we do not understand why it was not contradicted. If it was true, then there was an admission upon the part of the plaintiffs that they were at fault in causing the collision.

In the case of Central Iron & Coal Co. v. Wright, 20 Ala. App. 82, 101 So. 815, we said: "The trial court had before it the witnesses; it had before it all of the evidence offered in support of the motion and, after a due consideration thereof, the motion was overruled." This is pertinent here. The trial court did not err in overruling the motion for a new trial.

After giving this record a full, careful, and deliberate consideration, we find no reversible error therein. Corona Coal Co. v. Sexton, 21 Ala. App. 51, 105 So. 716.

The judgment of the lower court will stand. affirmed.

Affirmed.