(123 So. 104)

## SHEARLS v. STATE. (I Div. 874.)

Court of Appeals of Alabama. June 18, 1929.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. At the spring (March) term, 1928, of the circuit court of Washington county, the grand jury found and duly returned into open court an indictment which charged this appellant, defendant below, in one count, with the offense of distilling, etc., alcoholic, etc., liquors, and in the other count the possession of a still, etc., to be used for that purpose. Each of these counts charged a felony under the laws of this state. There was a general verdict of guilty as charged in the indictment and judgment of conviction was accordingly pronounced and entered, from which this appeal was taken.

The appeal is upon the record proper; there being no bill of exceptions. As the statute requires, we have examined the record and find it regular in all things, so far as the judgment of conviction is concerned, and that part of the judgment is affirmed. The cause, however, must be reversed because of the erroneous action of the court wherein the court sentenced the defendant to hard labor for the county. There is no statute which authorizes such sentence in cases of this character. The governing statute expressly provides as a punishment for the violation of these statutes confinement at hard labor in the penitentiary for not less than one year nor longer than five years, to be fixed within these limits by the court or judge trying the case. It has been held that this statute is mandatory. Conner v. State, 20 Ala. App. 613, 104 So. 554. A person convicted of these offenses cannot be sentenced to hard labor for the county, as was done in this case, but must be sentenced to an indeterminate term of imprisonment in the penitentiary. The case of Farley v. State, 20 Ala. App. 105, 101 So. 69, is in point. Abrahams v. State, 18 Ala. App. 252, 89 So. 853.

The judgment of conviction is affirmed. The sentence to imprisonment at hard labor for the county being erroneous, such sentence is reversed, set aside, and annulled, and the cause remanded for proper sentence in conformity to law.

Affirmed; remanded for proper sentence.