(125 So. 898)

### JONES et al. v. STATE. (5 Div. 781.)

Court of Appeals of Alabama. Jan. 21, 1930.

H. T. Burns, of Wedowee, for appellants.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. The indictment charged grand larceny, alleging that these appellants, and others not on trial, feloniously took and carried away 1,310 pounds of cotton seed of the value of $27.50, the personal property of Arthur Washington, etc.

These two appellants were jointly tried, and convicted as charged, whereupon the court pronounced sentence imposing upon appellant Johnie Jones a term of imprisonment in the penitentiary, the minimum being fixed at ten years, and likewise, the maximum fixed at ten years. *This sentence was erroneous*, as will hereafter be shown. Appellant Albert Jones was sentenced to imprisonment in the penitentiary for not less than three years and not more than three years and one day. From the judgment of conviction a joint appeal was taken to this court.

This cause was submitted in this court on November 21, 1929, but no brief for appellant or for the state has been filed.

■ In the court below defendants' counsel, on motion for new trial, contended that the corpus delicti was not proven, thus rendering the alleged confessions of the defendants inadmissible. There is no merit in this insistence. The evidence tended strongly to show that the cotton seed in question had been stolen as alleged, and as to this point the testimony of the injured party, Arthur Washington, was sufficient to carry the case to the jury. There was also other evidence as to the corpus delicti.

■ Evidence of purported confessions of these appellants was allowed manifestly with their consent and approval as no objections thereto were interposed and therefore no ruling of the trial court invoked. The oft-announced rule that evidence of confession is prima facie inadmissible, and in the absence of proper predicate is incompetent, may be

waived by the accused by failing to interpose timely objections thereto.

We have examined such exceptions as were reserved by the defendants during the trial, and to this extent have complied with the duty resting upon this court, as our jurisdiction is appellate only, in cases of this character, and a trial court will not be put to error in the absence of erroneous rulings, and certainly not where no ruling at nisi prius has been invoked or had.

As hereinabove stated, the sentence pronounced and entered as against appellant Johnie Jones was in effect a fixed sentence and not indeterminate as the laws of this state now provide in all cases of felony for which the trial court is authorized to fix the punishment, and where the punishment prescribed by statute is imprisonment in the penitentiary, and in which a maximum and minimum term is prescribed. In such cases the court shall pronounce upon the defendant an indeterminate sentence of imprisonment in the penitentiary for a term not less than the minimum, which in this case is one year, and not greater than the maximum, which in this case is ten years, and it is error to fix the same period as the minimum and also the maximum term. Code 1923, §§ 5267, 5268.

This error, however, refers only to the sentence, and not to the judgment of conviction, and will not cause a reversal of such judgment of conviction.

In this case, finding no reversible error in the judgment of conviction as to appellant Albert Jones, said judgment is in all things affirmed.

As to appellant Johnie Jones, the judgment of conviction is affirmed, but the cause is remanded for proper and legal sentence under the law as hereinabove announced. Bailey v. State (5th Div. 782) ante, p. 369, 125 So. 698.

Affirmed.

Remanded for proper sentence of Johnie Jones.