(131 So. 5)

## HELVESTON v. STATE.
### 1 Div. 957.

Court of Appeals of Alabama.
Nov. 25, 1930.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.

Appellant was convicted, generally, upon a trial under an indictment consisting of two counts; one charging him with the offense of distilling, etc., prohibited liquor; the other charging him with the offense of having in possession, etc., a still, etc., to be used for the purpose of manufacturing prohibited liquor.

The appeal is upon the record proper, without bill of exceptions. The indictment, trial, and conviction appear in all things regular, and the judgment of conviction is affirmed.

Appellant was sentenced to "perform hard labor for the County of Mobile for the term of one year"; by authority of what law we cannot find.

The offense charged against appellant in each count of the indictment was a felony. Code 1923, §§ 4627 and 4656. The punishment prescribed for each was imprisonment in the penitentiary for a term of not less than one year, nor more than five years. the said term to be fixed by the court. Code 1923, §§ 4627 and 4658.

In such cases, the court must "pronounce upon the defendant an indeterminate sentence of imprisonment in the penitentiary for a term not less than the minimum and not greater than the maximum fixed by the statute for such offense, stating in such sentence the minimum and maximum limits thereof." Code 1923, § 5268.

The sentence, in this case, not being in accord with the law, as above referred to, and Code 1923, § 5265, not controlling, Salter v. State, 17 Ala. App. 517, 85 So. 847, the case will be remanded for proper sentence.

Judgment of conviction affirmed; case remanded for proper sentence.