(133 So. 739)

## GREEN v. STATE.

### 6 Div. 894.

Court of Appeals of Alabama.
Feb. 17, 1931.

Rehearing Denied April 7, 1931.

236

G. P. Benton, of Fairfield, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

**SAMFORD, J.**

This defendant was jointly indicted with one Sam Simmons. On the trial of Sam Simmons this defendant testified in behalf of the state, at which time he was instructed by the court as follows:

"Mr. Green, you don't have to testify in the case as to any matter that might tend to incriminate you in regard to any offense charged against you; and any testimony that you voluntarily give in that respect will be used against you on the prosecution of your own case against you."

On the trial of this defendant and after the corpus delicti had been proven, the state was permitted, over the objection and exception of defendant, to introduce in evidence the testimony of defendant given on the trial of Sam Simmons and containing inculpatory statements against him. This testimony was transcribed and identified by the court stenographer who had taken and transcribed it.

Inculpatory statements voluntarily made by defendant are admissible against him. Cauley v. State, 14 Ala. App. 133, 72 So. 271; Coplon v. State, 15 Ala. App. 331, 73 So. 225. Such inculpatory statements therefore, appearing in the transcript of the testimony in the Simmons Case voluntarily given by defendant, was admissible in evidence against him. It was also proper for the whole testimony to be placed in evidence. Burns v. State, 49 Ala. 370; 1 Mayfield Dig. 207 (7).

The statements of the solicitor to which exceptions were reserved are within the limits of legitimate argument.

We find no error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

Our attention having been called to the sentence imposed, the court ex mero motu places the cause on the rehearing docket for further consideration.

Being unable to reach an unanimous conclusion, this court on March 12, 1931, propounded to the Supreme Court the following inquiry:

"To Honorable Jno. C. Anderson, Chief Justice, and Associate Justices

"Greetings:

"The Judges of this Court being unable to reach an unanimous conclusion in cases of 6 Div. 894, Morris Green v. State, regarding the sentence imposed in said case and in similar cases now pending in this Court and acting under authority of Section 7311 of the Code of 1923 propounds to the Supreme Court the following question:

"When a defendant has been convicted of grand larceny should he be sentenced under section 5267 et seq. or Section 5265 of Code 1923?

"In this connection we call your attention to the following decisions of this Court on the question involved. Salter v. State, 17 Ala. App. 517, 85 So. 847; Abrahams v. State, 18 Ala. App. 252, 89 So. 853; Farley v. State, 20 Ala. App. 105, 101 So. 69; Conner v. State, 20 Ala. App. 613, 104 So. 554; Lockett v. State, 22 Ala. App. 642, 119 So. 245; Shearls v. State, 23 Ala. App. 211, 123 So. 104; Jones v. State, 23 Ala. App. 384, 125 So. 898.

"All of which is respectfully submitted."

To which the Supreme Court makes the following reply:

"Thomas, J.

"The question propounded for decision is as follows:

"When a defendant has been convicted of grand larceny should he be sentenced under section 5267 et seq. or section 5265 of Code 1923?

"The two statutes, section 5267, et seq. and section 5265, Code of 1923, present a conflict as to the place (whether by imprisonment or hard labor, in cases indicated in the decisions by the Court of Appeals) of pun-

ishment for the time indicated. The Act of 1919, p. 148, as codified, section 5267, Code, et seq., providing for the indeterminate sentence, is the last specific expression of the legislative will in respects indicated on the point at issue and should be followed by the trial courts in the imposition of sentences in designation of the place of their service. Bibb v. State, 83 Ala. 84, 92, 3 So. 711. See, also, Ex parte Thomas, 113 Ala. 1, 21 So. 369; Robinson v. State, 6 Ala. App. 13, 14, 60 So. 558; Ex parte Robinson, 183 Ala. 30, 63 So. 177; Simmons v. State, 22 Ala. App. 126, 113 So. 466.

"The Court of Appeals has properly applied the statute in the cases cited in the foregoing interrogatory.

"Anderson, C. J., and Sayre and Brown, JJ., concur."

It follows, therefore, that the sentence to hard labor in this case is erroneous. For that reason the judgment of affirmance is set aside, and the judgment of conviction is now affirmed, and the cause is remanded for proper sentence.