(133 So. 740)
**GREEN v. STATE.**
**6 Div. 894.**
Supreme Court of Alabama.
April 2, 1931.

son, 183 Ala. 30, 63 So. 177; Simmons v. State, 22 Ala. App. 126, 113 So. 466.

The Court of Appeals has properly applied the statute in the cases cited in the foregoing interrogatory.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

(133 So. 294)

## LOUISVILLE & N. R. CO. v. GREEN.

### 6 Div. 834.

Supreme Court of Alabama.

March 12, 1931.

Rehearing Denied April 9, 1931.

G. P. Benton, of Fairfield, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

THOMAS, J.

The question propounded for decision is as follows: "When a defendant has been convicted of grand larceny should he be sentenced under section 5267 et seq., or section 5265 of Code 1923?"

The two statutes, section 5267 et seq., and section 5265, Code of 1923, present a conflict as to the place (whether by imprisonment or hard labor, in cases indicated in the decisions by the Court of Appeals) of punishment for the time indicated. The Act of 1919, p. 148, as codified, section 5267, Code, et seq., providing for the indeterminate sentence, is the last specific expression of the legislative will in respects indicated on the point at issue, and should be followed by the trial courts in the imposition of sentences in designation of the place of their service. Bibb v. State, 83 Ala. 84, 92, 3 So. 711. See, also, Ex parte Thomas, 113 Ala. 1, 21 So. 369; Robinson v. State, 6 Ala. App. 13, 14, 60 So. 558; Ex parte Robin-