(133 So. 917)

## RUSH v. STATE.

### 7 Div. 709.

Court of Appeals of Alabama.

April 14, 1931.

Roy D. McCord and Roy E. Hicks, both of Gadsden, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, J.

The pleas were not guilty and not guilty by reason of insanity. As to the plea of not guilty the evidence tended to prove a plain case of assault to murder, and as to the plea of not guilty by reason of insanity there was no evidence tending to prove that defendant was insane as the same is defined by our statutes.

There were, however, some mitigating circumstances brought out on the trial which the trial judge seems to have taken into consideration in fixing the punishment. In the introduction of this evidence the trial court appears to have been liberal with the defendant.

The judgment of conviction is therefore affirmed.

Another question is presented by the sentence imposed. Section 3303 of the Code of 1923, provides that, on conviction for the offense of assault to murder, the punishment must be imprisonment in the penitentiary. Prior to the enactment of the Indeterminate Sentence Law (Acts 1919, p. 148), this section was qualified as to felonies by section 5265 of the Code of 1923. Since the act of 1919, supra, in all cases in which the punishment fixed by the statutes is imprisonment in the penitentiary, and in which a maximum and minimum is prescribed, the court shall pronounce upon the defendant an indeterminate

sentence in the penitentiary for a term not less .than the mimimum and not greater than the maximum fixed by the statute for such offense. (In this case not less than two nor more than twenty years.) Under the law as it now stands defendants convicted of felonies with punishments similar to the case at bar must be sentenced in accordance with Acts 1919, p. 148, § 2, and now section 5268, Code 1923. There has been some uncertainty as to the above existing in the minds of the courts, but the same has now been clarified by the opinion of this court (133 So. 739 1) based upon a response by the Supreme Court in the case of Green v. State, 222 Ala. 556, 133 So. 740.

The judgment of conviction is affirmed, and the cause is remanded for proper sentence.

Affirmed and remanded.

