(137 So. 782)

## GOLDSMITH v. STATE.
### I Div. 23.

Court of Appeals of Alabama.
Nov. 24, 1931.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

 This appellant was indicted, tried, and convicted for the offense of assault with intent to murder upon one Zettie Green, alias Bap. The jury returned a verdict against him as follows: "We the jury find the defendant Eugene Goldsmith, alias Eugene Bush guilty as charged." Thereupon the court pronounced and entered a judgment of conviction upon the defendant to the effect that he "is guilty of the offense of assault with intent to murder as charged in the indictment." To this extent the judgment of conviction from which this appeal was taken is correct. But that part of the judgment wherein the court undertook to sentence the defendant to two years hard labor for the county, is erroneous. The trial court, in this connection, followed section 5265 of the Code 1923. Section 5265 has in effect been superseded by section 5267 et seq. of the Code 1923. These statutes are in conflict as to the place of imprisonment, and the Act of the Legislature 1919, p. 148, as codified, section 5267 et seq., providing for the indeterminate sentence, is the last specific expression of the legislative will on the point at issue, and should be followed by trial courts in the imposition of sentences. This specific holding by the Supreme Court of Alabama appears in the case of Green v. State, 222 Ala. 556, 133 So. 740. As will be there noted, this court in numerous decisions has held to the same effect. See cases cited. Green v. State (Ala. App.) 133 So. 739.[1] As the law now stands, in the trial of any felony for which the court is authorized to fix punishment, and in which a maximum and minimum term is prescribed, the court shall pronounce upon the defendant an indeterminate sentence of imprisonment in the penitentiary for a term not less than the minimum and not greater than the maximum fixed by the statute for such offense, stating in such sentence the minimum and maximum limits so fixed by the court.

In the instant case, no briefs have been filed for appellant or by the state. We have read the entire record, and have given careful consideration to the points of decision presented by the few exceptions reserved pending the trial. In this connection we discover no ruling of the court wherein the substantial rights of the accused have been erroneously affected or impaired. It follows, as to the judgment of conviction pronounced and entered, an affirmance thereof is ordered. The cause must be remanded, however, to the lower court for proper sentence in accordance with what has been said herein, and the statutes prevailing.

Affirmed. Remanded for proper sentence.

