146 So. 286

**BUSBEE v. STATE.**

**6 Div. 305.**

Court of Appeals of Alabama.

Feb. 14, 1933.

J. B. Powell, of Jasper, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

The indictment in this case contained three counts. The first count charged burglary; the second grand larceny, and the third charged the offense of buying, receiving, or concealing, etc., stolen goods, etc., of the value of $40. The record shows that the appellant was convicted under the third count, and the verdict of the jury to this end is as follows: "We, the jury, find the defendant, Oscar Busbee, guilty of having bought, received or concealed property, knowing at the time it was stolen, and without the intent to restore the property to the owner thereof, and we find the value of the property so stolen was $15.00." This verdict operated as an acquittal of the defendant as to counts one and two of the indictment. It also operated as an acquittal of the felony charged in the third count, as the value of the property as fixed by the verdict of the jury is less than $25; in other words, $15, thus rendering the offense for which the defendant was convicted a misdemeanor. The statute provides, when an indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto, or he may be found guilty of any offense which is necessarily included in that with which he is

charged, whether it be a felony or a misdemeanor. Section 8697, Code 1923.

As stated, the third count of the indictment alleged the property was of the value of $40. Section 4912, Code 1923, fixes the punishment for buying, receiving, or concealing stolen property, the same as if the property had been stolen. Under section 4908, Code 1923, it is provided that the stealing of personal property of the value of less than $25 is petit larceny, the punishment for which is imprisonment in the county jail, or sentence to hard labor for the county for not more than twelve months, and may also be fined not more than $500, at the discretion of the jury.

■ In convictions of petit larceny, the imposition of imprisonment in the county jail, or hard labor for the county as a punishment, is for the court and not for the jury. The jury may simply render a verdict of guilty (as here) without imposing a fine, or they could in their discretion assess a fine not exceeding $500. In either event, it is the duty of the court to impose as a punishment imprisonment in the county jail, or hard labor for the county for not more than twelve months. Martin v. State, 125 Ala. 64, 28 So. 92; Glover v. State, 23 Ala. App. 81, 121 So. 2. This the court should have done in this case. The sentence of the court of this appellant to an indeterminate term of imprisonment in the penitentiary for not less than thirteen months nor more than eighteen months was without authority of law, and therefore erroneous. A misdemeanant may not be punished by imprisonment in the penitentiary; nor does the indeterminate sentence law apply to misdemeanors. It is confined to felony cases only. Section 5268, Code 1923; Brown v. State, 18 Ala. App. 154, 89 So. 845; Farley v. State, 20 Ala. App. 105, 101 So. 69.

This appeal is rested here upon the record proper only; there is no bill of exceptions. We find this record regular in all things so far as relates to the conviction of this appellant, defendant below, and to that extent the judgment appealed from will stand affirmed. Ex parte Robinson, 183 Ala. 30, 35, 63 So. 177, 178. In the Robinson Case, supra, the Supreme Court said: "And so, logically, the judgment of conviction should not be reversed, but only the improper sentence, the object of remandment being merely to place the case again before the trial judge for corrected action at the point of his erroneous departure."

It follows that the judgment of conviction is affirmed, and that the cause be remanded to the lower court for proper sentence as herein indicated.

Affirmed in part; remanded for proper sentence.