185 So. 777

### DRIVER v. STATE.

### 5 Div. 56.

Court of Appeals of Alabama.

Dec. 13, 1938.

Rehearing Denied Jan. 10, 1939.

D. T. Ware, of Roanoke, for appellant.

A. A. Carmichael, Atty. Gen., and James L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

The Attorney General, in his brief filed here, states the situation presented, as follows:

"The appellant, (defendant below) was indicted for burglary and grand larceny. He was convicted as charged and sentenced to the penitentiary for a term of from three to four years. From said judgment this appeal is taken.

"The undisputed evidence shows that the offense in question was committed. One Elmer Whitmore pled guilty to the offense and has served a term in the penitentiary for same. The state introduced evidence connecting the defendant with the commission of the offense. Elmer Whitmore testified that the defendant and himself committed the crime charged. There was ample corroborative evidence to warrant a conviction. The defendant denied any connection with the offense and introduced some evidence of an alibi. A jury question was thus presented." ·

As the Attorney General goes on to say:

"The defendant contends that the trial court committed reversible error in charging as to the sufficiency of the corroborating evidence in his oral charge on the theory that such was a charge upon the effect of the evidence.

"There was no exception reserved to any portion of the oral charge, and hence, nothing is presented for review in this respect. The reviewing court will not review the oral charge of the trial court to determine whether the court invaded the province of the jury by instructing upon the effect of the evidence in the absence of exceptions. Spencer v. State, 228 Ala. 537, 154 So. 527; Williamson v. State, ante, p. 92, 179 So. 398.

"Moreover, the trial court properly instructed the jury as to the law concerning the necessity of corroboration of the testimony of an accomplice to warrant a conviction under Section 5635, Code of 1923. The charge was not a charge upon the effect of the evidence, but merely a statement of the tendencies of the evidence."

And he continues:

"The defendant contends that this case should be reversed because a witness kept on talking after objection had been sustained to the question asked. However, the record does not disclose what the witness said. Therefore, there is nothing presented for review in this respect, as evidence to be reviewable must be set out in the bill of exceptions. Swindle v. State, 27 Ala.App. 549, 176 So. 372, certiorari denied 234 Ala. 621, 176 So. 375; Lang v. State, 1 Ala.App. 128, 55 So. 1024."

The only other questions deserving treatment here are thus dealt with by the Attorney General, to-wit:

"It is the contention of the defendant that the trial court committed reversible error in stopping the cross-examination of the state's witness, Elmer Whitmore, in that he was not allowed to answer the question, 'You never went to the bailiff.'

"The extent of cross-examination rests in the sound discretion of the trial court. Swinney v. State, 225 Ala. 273, 142 So. 562; Teal v. State, 25 Ala.App. 297, 145 So. 502. In this instance, there was no abuse of discretion. The information desired, viz: when the witness first told that the defendant was implicated in the crime, was elicited from the witness.

"There was no error committed by the trial court in allowing testimony that the defendant came over to Elmer Whitmore's house and talked to him the day before the commission of the offense. This evidence was clearly admissible as tending to show the formation of the conspiracy to commit the larceny. Lockett v. State, 218 Ala. 40, 117 So. 457. It may also be considered as part of the res gestae of the offense as leading up to the commission thereof. Cline v. State, 25 Ala. App. 433, 148 So. 172. Moreover, if said evidence be considered improper, the defendant was not prejudiced by its admission. The defendant and Whitmore lived in the same neighborhood and were

friends. There was nothing unusual about the fact that they were together."

What we have set out hereinabove—all furnished us by the Attorney General in his excellent brief; and all of which we approve—concludes, so far as we can see, any remarks necessary to be made in disposing of the appeal.

We find nowhere any error to have been committed which was prejudicial to appellant.

And the judgment must be, and is, affirmed.

Affirmed.