52 So.2d 167

**FINLEY v. STATE.**

**4 Div. 171.**

Court of Appeals of Alabama.

April 17, 1951.

Grady G. Cleveland, Jr., of Eufaula, for appellant.

Si Garrett, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant has been convicted of larceny of a steer.

The evidence tending to show appellant's guilt was direct and abundant.

The only point of any materiality disclosed by the record arises out of the following recital in the record: "After being qualified by the Court but before being selected the several jurors on the venire were asked by the attorney for the defendant if any of them depended upon the cattle business for a livelihood. Two jurors answered in the affirmative. The attorney for the

defendant then requested the Court to disqualify these two jurors. The Court then asked the two jurors above mentioned if either had any fixed opinion or if being in the cattle business they could and would give the defendant a fair trial. The two jurors stated that they had no fixed opinion in the case and could and would give defendant a fair trial. The Court then declined to grant the request of defendant's attorney to disqualify said two jurors, to which the defendant excepted."

Because a prospective juror is engaged in a particular business or occupation in no way imports absolute bias on his part, and falls far short of reasonably creating any disqualification. Certainly no abuse of discretion on the part of the trial judge can be read into his action on the basis of the facts disclosed by the record. See Alabama Fuel & Iron Co. v. Powaski, 232 Ala. 66, 166 So. 782, and cases cited; Carnaggio v. State, 143 Miss. 694, 109 So. 732; Boyle v. People, 4 Colo. 176, 34 Am. Rep. 76; State v. Van Hoozer, 192 Iowa 818, 185 N.W. 588.

Affirmed.