54 So.2d 84

**JOHNSON v. STATE.**

**2 Div. 804.**

Court of Appeals of Alabama.

Aug. 28, 1951.

Pitts & Pitts, Selma, for appellant.

Si Garrett, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

204

PER CURIAM.

The defendant in the court below was indicted and convicted for the larceny of a bull yearling, the property of George Hicks.

At the outset of the trial the appellant attempted to challenge for cause certain prospective jurors for the reason it was established that they were members of the Cattlemen's Association.

In the recent case of Finley v. State, Ala.App., 52 So.2d 167,[1] we held that because a prospective juror was engaged in the business of cattle raising for a livelihood did not disqualify him to serve on a jury in a case in which the prosecution was based on larceny of a cow. The instant case presents no stronger imputations of bias.

See also Ala. Fuel & Iron Co. v. Powaski, 232 Ala. 66, 166 So. 782.

It appears from the evidence that the yearling in question was in the pasture of the mother of the accused. This because the owner had given permission for defendant's mother to milk his cow while the yearling was a suckling.

Without the knowledge or consent of George Hicks the appellant, in the nighttime, took the yearling from the pasture and delivered it to the stockyards in Demopolis. There it was sold at auction and the defendant received the check for the amount of the sale.

When first questioned by the officer the appellant disclaimed any knowledge of the theft. At a subsequent time he admitted the facts we have delineated.

The defendant did not testify in his own behalf. His mother testified to the effect that she gave her son permission to sell one of her yearlings and the wrong animal was taken from her pasture through mistake.

In this state of the record it is evincingly clear that a jury question was posed as to the guilt of the accused.

The affirmative charge in defendant's behalf was properly denied, and the motion for a new trial was overruled without error.

The fact that the accused was under arrest when he made the alleged confession did not, for this reason solely, render the statement involuntary. Fitzhugh v. State, 35 Ala.App. 18, 43 So.2d 831; Smith v. State, 253 Ala. 220, 43 So.2d 821.

Refused charge numbered 7 is elliptical. Miller v. State, 15 Ala.App. 4, 72 So. 506; York v. State, 34 Ala.App. 188, 39 So.2d 694; Sims v. Kent, 221 Ala. 589, 130 So. 213.

Refused charge numbered 9 is not based on the evidence as the law requires. Edwards v. State, 205 Ala. 160, 87 So. 179; Hubbard v. State, 35 Ala.App. 211, 45 So. 2d 795.

The other charges refused to the defendant were substantially covered by given written instructions or the oral charge of the court. Title 7, Sec. 273, Code 1940.

The record in this case is free from prejudicial error.

The judgment below is ordered affirmed.

Affirmed.

1. Ante, p. 56.