256 So.2d 425

**Norman L. BRADEN**

v.

**STATE.**

**1 Div. 23.**

Court of Criminal Appeals of Alabama.

Dec. 21, 1971.

Robert M. Harper, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., Walter S. Turner, Asst. Atty. Gen., for the State.

ALMON, Judge.

Appellant was convicted of burglary in the second degree and sentenced to serve five years in the penitentiary.

The only issue presented by this appeal is whether he was denied his constitutional right to a speedy trial.

Appellant and two other persons were arrested on February 24, 1968, after being apprehended by a night watchman at two o'clock in the morning inside Johnson's Chevrolet, Inc., in Mobile. Not being able to make bond he was incarcerated in the county jail until his trial. The indictment was returned May 13, 1968, and arraignment was held June 4, 1968. At arraignment he made known his wish to defend himself and refused appointment of counsel. This occurred after the trial judge thoroughly explained to appellant the seriousness of the offense charged and the need for assistance of counsel. Appellant

continued in his persistence to defend himself until shortly before trial when counsel was appointed.

Appellant filed numerous motions and petitions, two of which were filed prior to indictment and included a demand for a speedy trial. A second demand for a speedy trial was filed on September 24, 1968.

Trial was set and continued as not reached due to a crowded docket on September 24, 1968. This case came up for trial again on February 12, 1969, and was continued on appellant's motion. Appellant had three cases pending and there was some confusion as to which case was to be tried that day. Nevertheless when the instant case was called appellant announced not ready and the trial judge continued the case on appellant's motion.

The right to a speedy trial is a guarantee of both state and federal constitutions. § 6, Constitution of Alabama of 1901; Amendment VI, U. S. Constitution; Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1. However, this right must be properly invoked as was set out in Autrey v. State, 44 Ala.App. 53, 202 So.2d 88:

"This right to a speedy trial is a constitutional 'right,' but in order to obtain benefit of it, it must be affirmatively exercised. This right is like unto a switch which must be 'thrown' by that person who wishes to avail himself thereof before a claim of injury can be raised."

The first effective demand for a speedy trial came on September 24, 1968. On that same day this case was continued because of a crowded docket. This occurred approximately four months after indictment. Five months later the case was called for trial and continued on appellant's motion. Trial then occurred some two months later on April 2, 1969.

The right to a speedy trial is a relative right which depends upon the cir-

cumstances of each case. It is designed to prohibit arbitrary and oppressive delays caused by the prosecution. It does not operate to deprive the state of a reasonable opportunity of prosecuting criminals. Discretionary continuances granted by the trial judge, or delay occasioned by want of time to try, or any like circumstance, do not contravene the right. Likewise, an appellant cannot claim the right has been denied where the delay is occasioned by actions initiated by himself. Tiner v. State, 279 Ala. 126, 182 So.2d 859; Sample v. State, 138 Ala. 259, 36 So. 367.

In this case it appears that in every instance, save one, the defendant's trial was continued only because his case could not be reached due to the heavy criminal court docket. The last continuance was granted solely for the reason that defendant was not ready or was unwilling to go to trial.

The judgment in the cause is due to be and the same is hereby

Affirmed.