The appellant was convicted for robbery and sentenced to twelve years' imprisonment. On this appeal from his conviction the appellant argues that he was denied a speedy trial and that the failure of the trial court to grant his challenge for cause of a prospective juror constitutes reversible error.
 I
The operative facts surrounding the issue of the alleged denial of speedy trial are set forth in outline form as follows:
1976
 February 20 Appellant arrested and incarcerated on the charge of robbery.
 April 20 Appellant posted bond but was held in jail on a fugitive warrant for an alleged parole violation in Oklahoma.
May 7 Appellant indicted for robbery.
May 21 Arraignment. Trial set for June 7.
 June 7 Case "continued from consent to be reset" and passed until November 15, 1976, for trial.
 November 15 Case passed at the request of the state, no reason appearing.
 November 15 Appellant filed written demand for speedy trial.
 December 3 Appellant filed a "motion seeking order dismissing indictment for failure to prosecute, or in the alternative for denial of right to speedy trial".
1977
 January 3 At the hearing on the motion for speedy trial, the court specifically found that the "first order for witnesses" (Johnny Johnson) was issued by the defendant on this date. *Page 771 
 January 24 Case set for trial but passed at request of appellant when defense witness could not be located. At this time case passed under an understanding between the defense and the judge that the case would be continued over for one week to give the defense an opportunity to locate their missing witness.
April 11 The appellant was tried.
In his brief on appeal the appellant alleges the reasons for the delays.
 "The initial delay of approximately six months was caused the appellant's case being treated as a `bond' case rather than as a `jail' case, when in fact, he was in jail. The second delay was brought about by the State's request for a continuance, but the reason for a continuance does not appear on the record.
 "The third delay came about when the State and appellant could not locate the witness for the Defendant, Johnny Johnson. And instead of continuing the case for a week as agreed upon with the Court, the court coordinator's office simply said that the case would be continued for another two and one-half months because the case had been `reached'."
An inflexible rule cannot be used to establish a defendant's right to a speedy trial, but can only be done on an ad hoc balancing basis in which the conduct of the prosecution and that of the defendant are weighed. Elston v. State, 56 Ala. App. 299, 321 So.2d 264 (1975); Barker v. Wingo, 407 U.S. 514,92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The right to a speedy trial is a relative right which depends upon the circumstances of each case. The right is designed to prohibit arbitrary and oppressive delays caused by the prosecution but does not operate to deprive the state of a reasonable opportunity of prosecuting criminals. Braden v. State, 47 Ala. App. 466,256 So.2d 425 (1971).
From the record it appears that the appellant did not assert his right to a speedy trial until approximately ten months after his arrest which was only four months before his actual trial. It does not appear that the appellant objected to any continuance at the time they were granted. After filing two written requests for a speedy trial, the only requests which appear in the record, a continuance was granted at the request of the appellant in order that the presence of an absent witness could be secured. Though obviously the appellant deemed this witness an important witness to his defense (or else why request a continuance?) the witness had only been initially subpoenaed in January of 1977, three months before the appellant was tried.
Although the appellant alleges that without the missing witness, Johnny Johnson, he was without a defense and that Johnson would probably have been available if the case had been tried at an earlier date, Johnson was not subpoenaed until three months before trial and there is no showing that he was ever available as a defense witness.
Reviewing the facts, we fail to see how Johnson could have provided any defense for the appellant. When the robbery occurred, a Birmingham police officer witnessed the crime from his hidden location inside the convenience store having received a tip from Johnson shortly before the robbery. The appellant was positively identified by both the cashier of the store and the police officer. Though the appellant managed to escape despite the fact that two police officers fired at him as he fled, the appellant was captured the next morning with a bullet wound in his buttocks. From the record we can conclude that Johnson was not working with or employed by the police and therefore no defense of entrapment would be involved. At trial no defense of any type was presented. In view of the foregoing and the overwhelming and undisputed evidence of the guilt of the appellant we find that he was not prejudiced by the delay between arrest, indictment and trial. Kircheis v. State,56 Ala. App. 526, 323 So.2d 412, cert. denied, 295 Ala. 409,323 So.2d 421 (1975); Gilbreath v. State, 54 Ala. App. 676,312 So.2d 81 (1975).
 II
The only other assignment of error presented by the appellant concerns the denial *Page 772 
of a challenge for cause of a prospective juror.
On voir dire of the jury venire the following occurred:
 "MR. PICKARD (Defense Counsel): Has anybody been robbed? Due to the fact that you have recently been robbed do you think you might be a little bit more inclined to convict regardless of the evidence?
"JUROR SPENCER: Yes sir, I probably would.
"MR. PICKARD: You think you may be a little biased?
"JUROR SPENCER: Yes sir.
 "MR. PICKARD: You're saying in all probability you wouldn't be able to give him a fair trial and view the evidence objectively?
"JUROR SPENCER: Yes sir.
"MR. PICKARD: We challenge for cause.
 "THE COURT: Mr. Spencer we're not picking on you but I have to be very careful. It's not a matter of discretion that I can exclude any one of you respective jurors, but let me ask you this. In spite of your experience a couple of weeks ago, could you still listen to the evidence that comes from this witness stand, and this evidence alone, and render a fair and impartial decision concerning the defendant, Beauford Harold Johnson?
"JUROR SPENCER: Yes sir, I believe I could.
 "THE COURT: You wouldn't let that experience that you had affect you?
"JUROR SPENCER: No sir.
"THE COURT: Challenge denied.
"MR. PICKARD: We except.
"THE COURT: Note an exception.
 (Thereupon, a jury of twelve and one alternate was struck, after which the following proceedings were then had and done:)
 "THE COURT: Gentlemen are you satisfied we have the correct jury in the box?
"MR. BLOCKER: Yes sir.
"MR. PICKARD: Yes sir."
Juror Spencer became the foreman of the jury.
The denial of the challenge for cause was proper. To disqualify a prospective juror he must have more than a bias, or fixed opinion, as to the guilt or innocence of the accused. His opinion must be so fixed that it would bias the verdict the juror would be required to render. McCorvey v. State, Ala.Cr.App., 339 So.2d 1053, cert. denied, Ala. 339 So.2d 1058
(1976); Finley v. State, 36 Ala. App. 56, 52 So.2d 167 (1951);Willingham v. State, 262 Ala. 550, 80 So.2d 280 (1955); Wyattv. State, 36 Ala. App. 125, 57 So.2d 350, cert. denied, 257 Ala. 90, 57 So.2d 366 (1952). Once the jury was selected, even though Juror Spencer remained, the defense announced "satisfied".
We have reviewed the record and found no error prejudicial to the accused. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.