In 1980, the Elmore County Grand Jury charged that Tyrone Tinsley "did escape, or attempt to escape from a penal facility, to-wit: Draper Correctional Center, in violation of § 13A-10-31, Code of Alabama. . . ." In 1983, Tinsley pled guilty to escape in the first degree "as charged in the indictment," and after a showing of six prior felony convictions he was sentenced to life imprisonment as a habitual offender.
Upon appeal of his conviction Tinsley was provided with an appointed attorney who filed a "no merit letter" with this court on June 23, 1983. Tinsley's conviction was affirmed without opinion on October 4, 1983. In 1985, Tinsley petitioned the trial court for a writ of error coram nobis alleging, inter alia, that he was entitled to an out-of-time appeal due to the failure of counsel to file a brief on appeal. See Longmire v. State,443 So.2d 1265 (Ala. 1982); Peterson v. State, 428 So.2d 201
(Ala.Cr.App. 1983). See also Mylar v. Alabama, 671 F.2d 1299
(11th Cir. 1982), cert. denied, 463 U.S. 1229, 103 S.Ct. 3570,77 L.Ed.2d 1411 (1983).
The trial court granted the writ, Tinsley filed an out-of-time appeal, and he is now before this court with another appointed attorney. Counsel has filed a brief in compliance with Anders v.California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), maintaining that there are no errors in the record. We disagree, and find that Tinsley's escape conviction must be reversed.
Insofar as the indictment to which Tinsley pled purports to charge the crime of escape in the first degree, it is fatally defective. Section 13A-10-31, Code of Alabama 1975, recites the following:
 "(a) A person commits the crime of escape in the first degree if:
. . . .
 (2) Having been convicted of a felony, he escapes or attempts to escape from custody imposed pursuant to that conviction.
(b) Escape in the first degree is a Class B felony."
The indictment is flawed because it fails to track the language of subsection (a)(2) of the statute. It omits the all-important element of first degree escape which distinguishes that crime from escape in the second or third degrees, i.e. that the accused, "[h]aving been convicted of a felony," escaped. CompareEx parte Behel, 397 So.2d 163 (Ala. 1981); Jacques v. State,409 So.2d 876 (Ala.Cr.App. 1981), aff'd, 409 So.2d 885 (Ala. 1982) (construing indictments under former law of escape in the first degree, Ala. Code § 13-5-65, to require an averment that the defendant had, prior to his escape, been convicted of a criminal offense). See also Rickett v. State, 440 So.2d 1203 (Ala.Cr.App. 1983) (distinguishing first degree escape from second and third degrees of escape in that the former requires — under subsection (a)(1) — the averment of use or threat of force).
Although the Behel and Jacques cases are not direct support for our holding that the fact of a defendant's underlying conviction must be alleged in an indictment under § 13A-10-31, Code of Alabama 1975, see Andrews v. State, 473 So.2d 1211, 1214
(Ala.Cr.App. 1985) ("pre-1980 cases are not useful in determining the essential elements to support a conviction of escape in *Page 1251 
the second degree under the new statute"), the construction of the escape statutes employed in the earlier cases sheds light on the legislature's intent in drafting the new escape statutes. The commentary to the current escape provisions states the following:
 "Whereas previous law provided a helter-skelter treatment of escape, the Criminal Code sections are based on two factors: (1) use of force, and (2) the seriousness of the crime that led to detention. Under this scheme, the lowest grade of escape is a simple escape from custody (§ 13A-10-33). The grade is raised (§ 13A-10-31) where at least one of the following elements is present: (a) the escapee used force or a deadly weapon, (b) the escapee was a convicted felon, or (c) the escapee was from a prison, jail, or like facility."
Ala. Code §§ 13A-10-31 through -33 (Commentary). (Emphasis added.)
The commentary to the escape statutes makes it clear that the legislature intended the fact of a prior conviction to be an essential element of escape in the first degree. Compare ModelPenal Code and Commentaries § 242.6 (4)(a) (1980) (providing for a higher grade of escape if the accused has been arrested, charged, or convicted of a felony); N.Y. Penal Law §§ 205.00,-.05,-.10,-.15 (McKinney 1984) (same).
"If the indictment is framed under a statute which defines the offense created, and prescribes its constituents, it must allege in the words of the statute or other words equivalent in meaning, all the statutory elements which are essentially descriptive of the offense." Barbee v. State, 417 So.2d 611, 612-13 (Ala.Cr.App. 1982) (quoting Holt v. State, 86 Ala. 599, 600, 5 So. 793
(1888)). The indictment in the case before us omits an essential statutory element of the offense and it is, therefore, void insofar as it purports to charge escape in the first degree.
While a guilty plea waives all nonjurisdictional defects in the prior proceedings against a defendant, Dingler v. State,408 So.2d 530 (Ala. 1981), a void indictment gives the court no jurisdiction to proceed against an accused and the defect of an indictment which fails to charge an offense is not waived by a plea of guilty, United States v. Meacham, 626 F.2d 503 (5th Cir. 1980), on remand sub nom., United States v. Hayes, 676 F.2d 1359
(11th Cir.), cert. denied, 459 U.S. 1040, 103 S.Ct. 455,74 L.Ed.2d 608 (1982).
But for the miscitation of § 13A-10-32, Code of Alabama 1975 (escape in the second degree), the face of Tinsley's indictment appears to charge second degree escape, prohibiting "escape from a penal facility." A prima facie case of second degree escape is established by proof that the accused escaped from a penal facility, and the legality of the underlying charge is not an element of the crime, Andrews v. State, 473 So.2d 1211
(Ala.Cr.App. 1985). Furthermore, the "[m]iscitation of a code section does not void an indictment which otherwise states an offense; and, in the absence of a showing of actual prejudice to the defendant, reference to the erroneous code section will be treated as mere surplusage." Ex parte Bush, 431 So.2d 563, 564
(Ala.), cert. denied, 464 U.S. 865, 104 S.Ct. 200, 78 L.Ed.2d 175
(1983). Thus, it might be argued that we should disregard the erroneous code section cited and construe the indictment to charge escape in the second degree. Even if we were inclined to that construction, however, defendant's conviction would have to be reversed because during the guilty plea colloquy the trial court informed the defendant of the range of punishment for a first degree escape conviction rather than for a second degree escape conviction. "The defendant must be informed of maximum and minimum possible sentences as an absolute constitutional prerequisite to acceptance of a guilty plea." Carter v. State,291 Ala. 83, 85, 277 So.2d 896, 897 (1973); Miliner v. State,414 So.2d 133 (Ala.Cr.App. 1981).
The judgment of conviction is reversed and the cause remanded to the Elmore Circuit Court.
REVERSED AND REMANDED.
All Judges concur. *Page 1252