I respectfully dissent from the holding that Lewis's indictment was void because it left out an element of second-degree assault — that the defendant had intended "to cause physical injury." § 13A-6-21, Ala. Code 1975.
The main opinion relies, in part, on Byrd v. State, 763 So.2d 987
(Ala.Crim.App. 2000). In Byrd, the Court of Criminal Appeals held that the failure of an indictment to allege an essential element of the charged offense is a jurisdictional defect, and, thus, that the defendant's conviction as to that offense must be set aside.763 So.2d at 989. I disagree with the Court of Criminal Appeals' decision in Byrd.
Section 8 of the Constitution of Alabama of 1901, as amended by Amendment No. 37, requires that, except in cases not relevant here, the State proceed by indictment in a felony prosecution, and that this requirement of an indictment cannot be waived except under the express terms of the Amendment. Kennedy v. State, 39 Ala. App. 676, 107 So.2d 913
(1958). Thus, jurisdiction of the court depends on the validity of the grand jury indictment.[4]
Whether an indictment is valid depends in part on the effect of the defects in the indictment itself. Rule 13.5, Ala. R. Crim. App. P., governs such defects, and Rule 13.5(c)(2) provides that "[n]o charge shall be deemed invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, arrested, or in any manner affected, for any defect or imperfection in the charge which does not tend to prejudice thesubstantial rights of the defendant upon the merits." (Emphasis added.)[5]
Lewis's indictment left out an element of second-degree assault — that the defendant had intended "to cause physical injury," but the indictment expressly referenced the applicable Code section, §13A-6-21, Ala. Code 1975, which states in relevant part:
 "(a) A person commits the crime of assault in the second degree if the person does any of the following:
". . . .
 "(4) With intent to prevent a peace officer, as defined in Section 36-21-60, or emergency medical personnel or a firefighter from performing a lawful duty, he or she intends to cause physical injury and he or she causes physical injury to any person."
Because the indictment expressly identifies the statute under which Lewis was charged, and that statute expressly states, as an element of the offense, that the defendant must have "intend[ed] to cause physical injury," I do not believe Lewis was prejudiced.[6]
To the extent that Byrd, supra — and the line of similar cases — hold that failure of *Page 491 
an indictment to allege an essential element of the charged offense is a per se jurisdictional defect, requiring that a conviction based on that indictment be set aside, I would overrule Byrd and that line of cases. If the omission of an element from the indictment "does not tend to prejudice the substantial rights of the defendant upon the merits," then I do not believe the indictment is invalid. Therefore, I would affirm the judgment of the Court of Criminal Appeals affirming Lewis's conviction.
[4] A voluntary and understandingly made plea of guilty waives only nonjurisdictional defects. Dingler v. State, 408 So.2d 530 (Ala. 1981). Cf. Tinsley v. State, 485 So.2d 1249, 1251 (Ala.Crim.App. 1986) (wherein the court, in following Dingler, held that "a void indictment gives the court no jurisdiction to proceed against an accused and [that] the defect of an indictment which fails to charge an offense is not waived by a plea of guilty").
[5] The implication of the main opinion is that Rule 13.5(c)(2), Ala. R. Crim. App., is unconstitutional, since it permits an imperfect indictment.
[6] The main opinion also relies on Barbee v. State, 417 So.2d 611
(Ala.Crim.App. 1982), which predates this Court's adoption of the Alabama Rules of Criminal Procedure. See Hugh Maddox, Alabama Rules of CriminalProcedure, § 13.0, n. 9 (3d ed. 1999).